**FABRIQUE, INC., A Texas Corporation, Plaintiff-Appellee,**

v.

**Jack CORMAN, Defendant-Appellant.**

No. 86–1460.

United States Court of Appeals, Fifth Circuit.

April 7, 1987.

Hubert D. Johnson, Johnson & Cravens, Dallas, Tex., for defendant-appellant.

Thomas A. Albright, Jenkens & Gilchrist, Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, GEE, and REAVLEY, Circuit Judges.

GEE, Circuit Judge:

In 1977 the appellant, Jack Corman, leased some property to a tenant which built and operated a restaurant on it. A later operator, which had taken an assignment of the lease with Corman's signed consent, took Chapter 11 bankruptcy. In the bankruptcy proceeding, Corman asserted a right to possession of the premises. The bankruptcy judge disagreed, allowing the bankrupt to sell the lease to the appellee, Fabrique, Inc. Corman appealed that decision, but failed to seek a stay of the sale. The appeal was therefore dismissed as moot, as 11 U.S.C. § 363(m), quoted below, placed Fabrique's purchase beyond challenge. Despite these legal setbacks, Corman refused to permit Fabrique to occupy the premises. Fabrique then filed this action seeking damages and a declaratory judgment against Corman. Jurisdiction is premised solely upon 28 U.S.C. § 1331—the presence of a federal question. The district court found jurisdiction and rendered judgment in favor of Fabrique for damages and attorney's fees. We reverse.

Fabrique argues that federal question jurisdiction exists because its claim is founded directly upon federal law: 11 U.S.C. § 363, empowering a trustee to sell the bankrupt's property. In particular, § 363(m) states:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

It is Fabrique's view both that this subsection gives it an unassailable ownership right in the lease and that a suit involving the lease will necessarily question that right and therefore involve a federal question.

We disagree. The Supreme Court recently rejected the "ingredient" test of fed-

**726**

eral question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* —— U.S. ——, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). This case poses the same problem as *Merrell Dow:* "the presence of a federal issue in a state-created cause of action." *Id.* at ——, 106 S.Ct. at 3233, 92 L.Ed.2d at 659. *Merrell Dow* mandates that we look to the substantiality of the federal element in the cause of action. *Id.* at —— and n. 12, 106 S.Ct. at 3235–36 and n. 12, 92 L.Ed.2d at 662 and n. 12. Here, there is no federal cause of action under § 363(m); it is, in the time-honored law school phrase, "A shield and not a sword," a warrant of title to a good-faith purchaser. Fabrique took its rights in Corman's land by means of state conveyancing laws, and the copper-bottoming effect on those rights provided by § 363(m) is not substantial enough to bestow federal jurisdiction on Fabrique's state-created claims for damages under the state's property law.

Fabrique's declaratory judgment action reveals the defensive nature of § 363(m). The rule of law is clear:

> *Skelly Oil* [*Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)] has come to stand for the proposition that "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking."

*Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 16, 103 S.Ct. 2841, 2850, 77 L.Ed.2d 420, 435 (1983) (quoting 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2767, pp. 744–45 (2d Ed.1983)). Fabrique's federal element would only arise as a defense to a possible attack by Corman on Fabrique's leasehold. The federal element "is insufficiently 'substantial' to confer federal question jurisdiction." *Merrell Dow,* —— U.S. at ——, 106 S.Ct. at 3236. 92 L.Ed.2d at 662. Jurisdiction being absent, we VACATE the trial court's judgment and REMAND the cause for dismissal.